**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TEMPORARY SERVICES INSURANCE LTD.,**         **Plaintiff,**

-vs-                                        Case No. 6:07-cv-1507-Orl-28GJK

**MICHAEL J. O'DONNELL, JOSEPH RAYMOND, JR., KEVIN O'DONNELL, ALS, LLC, ADVANTAGE SERVICES GROUP, LLC, STRATUS SERVICES GROUP, INC., U.S. TEMPS, INC., U.S. TECHNICAL CONSULTANTS, INC., CLEARPOINT BUSINESS RESOURCES, INC.,**
                                **Defendants.**

_____

## ORDER

This cause is before the Court on "Plaintiff's Emergency Application for Preliminary Injunction Against Defendants Clearpoint, ALS, and ASG"[1] (Doc. 71), Defendant Clearpoint Business Resources, Inc.'s ("Clearpoint") Memorandum in Opposition (Doc. 75), and Defendants ALS, LLC ("ALS") and Advantage Services Group, LLC's Memorandum in

---

[1] Plaintiff's use of "ASG" in the title of its motion for emergency injunctive relief is confusing. Previously, Plaintiff has identified Advantage Services Group II, LLC, a non-party, as "ASG." (See Compl., Doc. 1 at 1; but see Doc. 37 at 1.) Advantage Services Group II, LLC has moved to intervene as a defendant in this matter, a move that Plaintiff strongly opposes. (See Doc. 37.) Plaintiff's injunction motion refers only to ASG II and not ASG, although Advanced Services Group, LLC – represented by the same attorneys as ASG II – responded to the motion. Because Plaintiff failed to submit a proposed order, however, and because Plaintiff equivocates as to the boundaries of the relief requested in its motion, it appears to the Court that Plaintiff is seeking, at least partially, an injunction against a non-party.

Opposition (Doc. 80).  The Court heard oral argument on the motion on February 21, 2008.

## I. Background

On September 21, 2007, Plaintiff Temporary Services Insurance Ltd. ("TSIL") filed a seven-count Complaint raising, among other things, two claims of fraudulent transfer pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA"), § 726.101, et seq., Florida Statutes.  Plaintiff seeks an injunction to prevent the further disposition of assets that it believes were fraudulently transferred from Advanced Services Group II, LLC ("ASG II") to Clearpoint in order to avoid paying a debt owed to TSIL, which might soon be reduced to judgment in an action pending in the Grand Court of the Cayman Islands.[2]  Those assets, held by Clearpoint, also include payments from Clearpoint to ALS pursuant to the Purchase Agreement executed in exchange for the transfer of assets.[3]  As Defendants point out, TSIL seeks to freeze assets as security for a potential judgment it might ultimately obtain – whether against ASG II in the Cayman Islands litigation or against Defendants here on TSIL's fraudulent transfer claims.

## II. Discussion

"A district court may grant injunctive relief only if the moving party shows that: (1) it

---

[2] TSIL represents that on January 29, 2008, the Cayman Grand Court awarded summary judgment to TSIL on its claims against ASG II. (Doc. 71 ¶ 7.) That order, however, stayed the execution of the judgment and indicated that ASG II has "some prospect of success" in its argument that it is entitled to a setoff of any damages award.  (Ex. 6 to Doc. 71 at 2, 4.)

[3] At oral argument, counsel for Clearpoint stated that his client had no intention of paying ALS any additional monies under the Purchase Agreement, claiming it had a contractual right to withhold payment.  Clearpoint's counsel and TSIL did not object to the Court adopting a stipulation to the effect that Clearpoint is not to pay ALS under the Purchase Agreement absent further order of the Court.

has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites.'" All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (quoting United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)) (internal marks omitted).

In this case, TSIL has only sought monetary damages; it has not sought equitable relief in any form. Even though FUFTA provides for the imposition of injunctive relief, the creditor seeking such relief must still establish an entitlement to equitable relief pursuant to generally applicable law. TSIL argues that in spite of the authority cited by ALS and ASG holding that a court may not issue a preliminary injunction freezing a defendant's assets in order to satisfy a potential money judgment, FUFTA does not require a creditor to first obtain a judgment in order to pursue the relief it seeks here. TSIL has not satisfied the Court that the relief it seeks is proper. Without deciding whether the line of authority cited by ALS and ASG precludes the issuance of a preliminary injunction under the facts presented here, however, the Court nonetheless concludes that TSIL has not met its burden of establishing entitlement to a preliminary injunction.

TSIL has not shown an irreparable injury or an inadequate remedy at law that would justify the entry of a preliminary injunction in advance of any judgment in favor of TSIL in a

related litigation in an amount certain. Moreover, TSIL has sought to freeze assets of a value greater than TSIL might obtain by judgment in the Cayman Islands litigation. Thus, the damage posed to Clearpoint if an injunction were to issue outweighs any potential damage to TSIL, who still possesses claims against Defendants and who could ultimately acquire the status of a judgment creditor. Additionally, the Court concludes that TSIL cannot establish a substantial likelihood of success on the merits due to the complex entanglement of the parties in this case. There are abundant issues of fact that cannot be resolved at this stage.

In sum, TSIL has not established the requisites for a preliminary injunction; thus, the requested injunction cannot issue. Additionally, the Court concludes that the remedy sought by TSIL is, in reality, a writ of attachment because "'the purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court.'" Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1530 (11th Cir. 1994) (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 219 (1945)). The attachment procedure is authorized by Rule 64, Federal Rules of Civil Procedure, and is governed by Florida attachment law. Id. at 1530-31. TSIL has not attempted to satisfy the requirements for obtaining an attachment or a "prejudgment remedy for the sequestration of assets." Id. at 1531.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Application for Preliminary Injunction (Doc. 71) is **DENIED**.

2. Pursuant to the representations of counsel from TSIL and Clearpoint, Defendant Clearpoint Business Resources, Inc. is **ORDERED** not to make any payments to ALS, LLC

pursuant to the Purchase Agreement without first seeking leave of Court.

**DONE** and **ORDERED** in Orlando, Florida this 22d day of February, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party