UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TEMPORARY SERVICES INSURANCE LTD.,**
                              **Plaintiff,**

-vs-                                      Case No. 6:07-cv-1507-Orl-28GJK

**MICHAEL J. O'DONNELL, JOSEPH RAYMOND, JR., KEVIN O'DONNELL, ALS, LLC, ADVANTAGE SERVICES GROUP, LLC, STRATUS SERVICES GROUP, INC., U.S. TEMPS, INC., U.S. TECHNICAL CONSULTANTS, INC., and CLEARPOINT BUSINESS RESOURCES, INC.,**
                              **Defendants.**

## ORDER

This cause is before the Court on two motions for default judgment (Docs. 64 & 102) filed by Plaintiff against Defendants U.S. Technical Consultants, Inc. ("Tech") and U.S. Temps., Inc. ("Temp"). Both Tech and Temp are subject to Plaintiff's counts of civil conspiracy and unjust enrichment. United States Magistrate Judge Gregory J. Kelly issued two Reports and Recommendations ("R&Rs") (Docs. 105 & 112) recommending that Plaintiff's motions be granted. Neither Tech nor Temp have made any appearance in the Court. Defendants ALS, LLC ("ALS"), Advantage Services Group, LLC ("ASG"), and Michael J. O'Donnell ("O'Donnell") have filed objections (Docs. 109 & 113) to the R&Rs.[1] In

---

[1] The Court treats both R&Rs and objections in one order. Both Tech and Temp stand on equal footing and Defendants' objections to the R&Rs are identical.

response, Plaintiffs filed an opposition as to liability against Tech (Doc. 110).

After an independent de novo review of the record, the Court agrees with the statement of law presented in Defendants' objections. For the following reasons, the R&Rs (Docs. 105 & 112) are not adopted.

The R&Rs correctly state that there is a sufficient basis for the default judgment to be entered against Tech and Temp and in favor of Plaintiff. See Nishimatsu Constr. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Fed. R. Civ. P. 55(b). However, in cases where a defendant's liability is dependent on the liability of another – as it is here in the count of civil conspiracy – entry of default judgment presents the risk of inconsistent judgments. See Varela v. Innovative Wiring Solutions, LLC, No. 6:07-cv-165-Orl-28KRS, 2007 WL 4614838, at *2 (M.D. Fla. Dec. 31, 2007) (citing Frow v. De La Vega, 82 U.S. 552 (1872)); see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) (holding that if party A sues party B and C claiming that they were jointly liable, and if party B had defaulted, but party C had prevailed at trial, it would be clear that party A could not obtain a judgment against party B).

Plaintiffs urge the Court to issue a default judgment for Tech, and presumably Temp, and postpone the damages hearing until liability for the other Defendants has been decided. The Court declines the invitation; Plaintiffs will not be prejudiced by the Court's denial today and may raise the issue again once the liability phase of the case is concluded.

Consistent with the United States Supreme Court decision in Frow, default judgment is inappropriate as to the civil conspiracy claim. In an abundance of caution, the Court also declines to enter default judgment on Plaintiff's unjust enrichment claim. Thus, Plaintiff's

motions for entry of default judgment (Docs. 64 & 102) are **DENIED** without prejudice. The two Reports and Recommendations are respectfully not adopted.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __11__ day of July, 2008.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party